J-S40042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE MUSSELMAN | : | |
| | : | |
| Appellant | : | No. 336 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 26, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000761-2016

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED AUGUST 09, 2019**

Shane Musselman (Musselman) appeals from the judgment of sentence entered by the Court of Common Pleas of Cambria County (trial court) after his jury conviction of Rape by Forcible Compulsion, Sexual Assault, and Indecent Assault.[1]  We affirm.

Musselman's case returns to this Court for the third time after being remanded twice for his failure to file a brief.  We recite only the pertinent procedural history and facts necessary for our review.  On June 26, 2017, after a jury convicted Musselman of the foregoing charges, the court sentenced him to not less than four nor more than ten years' incarceration on

_____

[1] 18 Pa.C.S. §§ 3121(a)(1), 3124.1, 3126(a)(2), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

the rape conviction.[2]  On July 19, 2017, Musselman appealed *pro se* and, on March 13, 2018, this Court dismissed the appeal for his failure to file a brief. On March 29, 2018, after Musselman filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA)[3] seeking leave to file a post-sentence motion and notice of appeal *nunc pro tunc*, and after the court appointed PCRA counsel, the parties agreed to the reinstatement of Musselman's post-sentence and appellate rights.  Musselman filed a counseled notice of appeal on June 11, 2018, which we dismissed on October 26, 2018, for Musselman's failure to file a brief.

After the record was returned to the trial court, on December 21, 2018, Musselman filed a "Nunc Pro Tunc Motion to Reinstate Appellate Rights" which the trial court granted and reinstated Musselman's right to appeal *nunc pro tunc*.  The trial court restored Musselman's rights only to the single issue raised in the July 5, 2018 statement of matters complained of on appeal, *i.e.*, his challenge to the weight of the evidence.  On February 6, 2019, Musselman filed a counseled Post-Sentence Motion to Set-Aside Verdict.  Within this motion, Musselman raised the issue of the weight of the evidence and/or the sufficiency of the evidence.  (**See** POST-TRIAL MOTION TO SET ASIDE

---

[2] The court found that the other two convictions were merged for sentencing purposes.

[3] 42 Pa.C.S. §§ 9541-9546.

VERDICT, 2/06/19). The trial court again granted Musselman's request for the reinstatement of his appeal rights *nunc pro tunc* and he now timely appeals.

When the trial court granted the motion, it also ordered Musselman to file a concise statement of matters complained of on appeal. However, no concise statement was ever filed by Musselman. Nonetheless, the trial court issued a Rule 1925(a) Opinion where it only addressed the weight of the evidence issue, the only issue raised in the July 5, 2018 statement of matters complained of on appeal, finding that it had been waived because it was not raised before the trial court in post-sentence motions. ***See*** Pa.R.Crim.P. 607. Musselman attempted to file an Amended Statement of Matters Complained of on Appeal, which the lower court declined to address, as it found that it exceeded the scope of its order reinstating Musselman's direct appeal rights.

Here, Musselman raises a sufficiency of the evidence issue that is waived on two bases. First, the court ordered Musselman to file a Rule 1925(b) statement in support of this third appeal and he failed to do so.

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements[.] . . . [I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925.

Any issues not raised in a Pa.R.A.P. 1925(b)statement will be deemed waived.

**Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (quotation marks and citation omitted); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Additionally, even if we were to consider Musselman's July 5, 2018 Rule 1925(b) statement as fulfilling the mandate of Rule 1925(b), since the court limited him to the issue raised therein, it did not include a sufficiency of the evidence allegation. For both of these reasons, Musselman's sufficiency of the evidence issue is waived on appeal. **See Hill**, **supra** at 494. However, even if his claim were properly preserved, it would not merit relief.

Musselman argues that the evidence was insufficient because "the testimony of the alleged victim was completely unsupported by any variety of physical or medical evidence, and her actions following the alleged crimes were in stark contrast to her testimony." (Musselman's Brief, at 5).[4]

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond

---

[4] Musselman's claim arguably goes to the weight of the evidence, not the sufficiency of the evidence, which is a challenge that the Commonwealth failed to prove a specific element of a particular crime. **See Irvin**, **infra** at 75-76. However, any weight claim would be waived for Musselman's failure to raise it in the trial court. **See** Pa.R.Crim.P. 607(A); Pa.R.Crim.P. 607, cmt ("The purpose of this rule is to make clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.").

- 4 -

a reasonable doubt. . . . [T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Irvin*, 134 A.3d 67, 75-76 (Pa. Super. 2016) (citation omitted).

Pursuant to Section 3121(a)(1) of the Crimes Code, "[a] person commits a felony of the first degree when the person engages in sexual intercourse with a complainant . . . [b]y forcible compulsion." 18 Pa.C.S. § 3121(a). "[A] person commits [sexual assault] when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1. Finally, "[a] person is guilty of indecent assault if the person has indecent contact with the complainant . . . for the purpose of arousing sexual desire in the person or the complainant and . . . the person does so without the complainant's consent[.]" 18 Pa.C.S. § 3106(a)(2).

It is well-settled that "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." *Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citation omitted); *see also* 18 Pa.C.S. § 3106 ("The credibility of a complainant of an offense under this subchapter shall be determined by the same standard as is the complainant of any other crime. . . . The testimony of a complainant need not be corroborated by prosecutions under this chapter.").

Here, the victim testified that Musselman forcibly removed her pants and forced her to engage in sexual relations with him after she told him to stop. (*See* N.T. Trial, 2/27/17, at 20-67). This testimony alone was sufficient to convict Musselman of the sexual crimes of which he was charged. **See** **Lyons**, **supra** at 258; 18 Pa.C.S. § 3106. However, the Commonwealth additionally provided corroborating testimony from an individual in whom the victim confided after the assault, and evidence in the form of text messages and online conversations between Musselman and the victim. (**See** N.T. Trial, at 129-67; Commonwealth's Exhibits 1-6).

Although Musselman maintained that he did not rape the victim and the Commonwealth concedes that it did not provide DNA evidence, (**see** N.T. Trial, at 190-97; Commonwealth's Brief, at 11-12), this was not fatal to the Commonwealth's case. It was for the jury to pass on the credibility of the witnesses and it was free to believe all, some or none of the evidence, and the Commonwealth was not required to provide corroborating DNA evidence. **See Irvin**, **supra** at 75-76; **Lyons**, **supra** at 258.

Accordingly, even if Musselman had properly preserved his claim, it lacks merit and we affirm his judgment of sentence. After our independent review of the certified record and viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, we conclude that it was sufficient to prove each element of the crimes beyond a reasonable doubt. **See Irvin**, **supra** at 75-76.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2019